IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN M. RIVERA SANTIAGO,
et al.,

    Plaintiffs,

    v.                                    CIVIL NO. 08-1266 (RLA)

UNITED STATES OF AMERICA,

    Defendant.

**ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiffs instituted this suit pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671-2680 seeking compensation for damages allegedly sustained by CARMEN RIVERA SANTIAGO due to a fall while stepping on to the sidewalk outside the army base store at Fort Buchanan, Puerto Rico. Defendant has moved the court to enter summary judgment dismissing the instant complaint arguing that plaintiff's fall was due exclusively to her own negligence.

**SUMMARY JUDGMENT**

    Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st

CIVIL NO. 08-1266 (RLA)                                              **Page 2**

---

Cir. 2000); <u>Barreto-Rivera v. Medina-Vargas</u>, 168 F.3d 42, 45 (1st Cir. 1999).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. <u>DeNovellis v. Shalala</u>, 124 F.3d 298, 306 (1st Cir. 1997).  A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. <u>Morris v. Gov't Dev. Bank of Puerto Rico</u>, 27 F.3d 746, 748 (1st Cir. 1994); <u>LeBlanc v. Great Am. Ins. Co.</u>, 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994).  A fact is material if it might affect the outcome of a lawsuit under the governing law. <u>Morrissey v. Boston Five Cents Sav. Bank</u>, 54 F.3d 27, 31 (1st Cir. 1995).

    "In ruling on a motion for summary judgment, the court must view 'the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.'" <u>Poulis-Minott v. Smith</u>, 388 F.3d 354, 361 (1st Cir. 2004) (citing <u>Barbour v. Dynamics Research Corp.</u>, 63 F.3d 32, 36 (1st Cir.1995)). "In marshaling the facts for this purpose we must draw all reasonable inferences in the light most favorable to the nonmovant. That does not mean, however, that we ought to draw *unreasonable* inferences or credit bald assertions, empty conclusions, rank conjecture, or vitriolic invective." <u>Caban Hernandez v. Philip Morris USA, Inc.</u>, 486 F.3d 1, 8 (1st Cir. 2007) (internal citation omitted, italics in original).

---

### THE FACTS

We find the following facts uncontested in this case.

Plaintiff CARMEN M. RIVERA SANTIAGO sustained a fall on August 6, 2005, in front of the army base store at Fort Buchanan, Puerto Rico. On that day, plaintiff was carrying an umbrella and wearing flip flops or sandals.

Plaintiff CARMEN M. RIVERA SANTIAGO was familiar with the area where she fell because she visited Fort Buchanan often, approximately once a week.

On the day of the accident plaintiff CARMEN M. RIVERA SANTIAGO was driving since her husband is handicapped. She parked in the handicap parking section while her husband went ahead into the building.

According to plaintiff, she fell as she stepped up from the street onto the sidewalk.

### FTCA

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See*, United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005) (United States immune except to extent it waives its immunity); Dynamic Image Tech., Inc. v. United States, 221 F.3d 24, 39 (1st Cir.

CIVIL NO. 08-1266 (RLA)                                      Page 4

2000) ("As a sovereign nation, the United States is immune from liability except to the extent that it consents to suit."); Day v. Massachusetts Air Nat'l Guard, 167 F.3d 678, 681 (1st Cir. 1999) ("As sovereign, the United States may not be sued for damages without its consent.") Limitations to the sovereign immunity of the United States such as the FTCA must be strictly construed and are not subject to waiver. Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006); Dynamic Image Tech., 221 F.3d at 39.

     The FTCA waives the sovereign immunity of the United States "in the same manner and to the same extent as a private individual under like circumstances." *See*, Sosa v. Alvarez-Machain, 542 U.S. 692, 700, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2005) (FTCA designed to remove immunity from torts similar to private individuals); Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004) ("[FTCA] provides a limited congressional waiver of the sovereign immunity of the Untied States for torts committed by federal employees acting within the scope of their employment [similar to private parties in similar circumstances]"); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) ("FTCA waives the sovereign immunity of the United States with respect to tort claims").

     "Liability under the Federal Tort Claims Act is determined in accordance with the law of the place where the act or omission occurred." Scanlon v. Dep't of the Army, 277 F.3d 598, 600 (1st Cir. 2002). *See, i.e.*, Santoni, 369 F.3d at 603 ("Because the alleged

CIVIL NO. 08-1266 (RLA)                                           Page 5

tortious conduct took place in Maine, we look to Maine tort law in determining the defendant's liability under the FTCA.") Thus, the substantive law of the place of the accident is used for ascertaining the authority to bring suit on behalf of others. Wozniak v. United States, 701 F.Supp. 259 (D.Mass. 1988).

### PUERTO RICO NEGLIGENCE STATUTE

Art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (1990), which governs tort liability in Puerto Rico, reads:

> A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity.

Thus, pursuant to the aforementioned provision, a person is liable for damages resulting from his/her negligent acts or omissions provided plaintiff establishes: (1) a negligent act or omission, (2) damages, and (3) a causal relationship between them. Irvine v. Murad Skin Research Laboratories, Inc., 194 F.3d 313, 321-22 (1st Cir. 1999); Adorno v. Browning Ferris Indus. of P.R., Inc., 160 F.3d 839, 842 (1st Cir. 1998); Marshall v. Perez Arzuaga, 828 F.2d 845, 847 (1st Cir. 1987); Pons Anca v. Engebretson, 160 D.P.R. 347, 354 (2003); Montalvo v. Cruz, 144 D.P.R. 748, 755 (1998); Toro-Aponte v. E.L.A., 142 D.P.R. 464, 473 (1997).

---

Negligence arises from the failure to anticipate damages a reasonable and prudent person would rationally foresee would result from its own actions and omissions inasmuch as damages by themselves do not give rise to a claim. Negligence ensues if the injuries could be foreseen or reasonably anticipated by a reasonable and prudent person. Colon Gonzalez v. Tienda K-Mart, 154 D.P.R. 510, 518 (2001).

The duty of care "is anticipating reasonably probable injuries to probable victims," Irvine, 194 F.3d at 322; "[the] failure to exercise due diligence to avoid foreseeable risks." Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir. 1991). "A person breaches the duty of reasonable care when his actions create reasonably foreseeable risks. A plaintiff, then, must show the foreseeable risks created by defendant's acts or omissions in order to carry his burden as to this element of a tort claim." Vazquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007).

"The duty of foreseeability is the central criteria for the imposition of liability in torts... [N]egligence for omission arises for not anticipating such damage that a reasonable prudent person would rationally foresee if the duty was not fulfilled. Otherwise, absolute liability would be imposed, because a person would be obligated to anticipate every possible risk that could conceivably arise in a multiplicity of situations." Torres v. KMart Corp., 233 F.Supp.2d 273, 278 (D.P.R. 2002).

"Once a plaintiff has demonstrated that the defendant was negligent (meaning that the defendant breached its duty of care), she must then demonstrate that the defendant's negligence was the proximate cause of her injuries." Vazquez-Filippetti, 504 F.3d at 49. Injuries or damages are proximately caused by an act or omission whenever it appears from the evidence that the act or omission played a substantial role in bringing about or actually causing those injuries or damages. Soto Cabral v. E.L.A., 138 D.P.R. 298, 316 (1995).

"[F]oreseeability... is an element of both breach of duty and proximate cause." Vazquez-Filippetti, 504 F.3d at 49. Defendants will be liable only for those reasonably foreseeable consequences to their conduct. De-Jesus-Adorno v. Browning Ferris Indus. of Puerto Rico, Inc., 160 F.3d 839, 842 (1st Cir. 1998); Pons Anca, 160 D.P.R. at 355; Montalvo v. Cruz, 144 D.P.R. 748, 755 (1998); Toro-Aponte, 142 D.P.R. at 473; Ocasio Juarbe v. Eastern Airlines, Inc., 125 D.P.R. 410, 418 (1990) Official translation reproduced in full in 902 F.2d 117 (1st Cir. 1990); Jimenez v. Pelegrina Espinet, 112 D.P.R. 700, 704, (1982); Pacheco v. A.F.F., 112 D.P.R. 296, 300 (1982).

"A defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries (or related harms) would result from his actions. Foreseeability, therefore, is relevant to both of these elements of a tort claim. A

CIVIL NO. 08-1266 (RLA)                                          **Page 8**

plaintiff might rely on similar, or even identical, factual evidence to carry her burden on both elements, but they remain distinct legal concepts." <u>Vazquez-Filippetti</u>, 504 F.3d at 49 (internal citation omitted.)

Further, Puerto Rico is a comparative negligence jurisdiction. Art. 1802 specifically provides that the negligence of a plaintiff will not bar a tort-based claim but rather that the relief awarded shall be reduced proportionate to the degree of plaintiff's negligence. <u>Pons Anca</u>, 160 D.P.R. at 362.

### ARGUMENTS

Plaintiff claims that her fall was due to an indentation or break in the curb of the sidewalk which was difficult to notice because it was covered with yellow paint which condition represented a clear risk for persons walking over to the base army store.

Defendant, on the other hand, alleges that the exclusive cause of plaintiff's accident "was her own imprudence by not paying attention to where she was going and not paying attention to the conditions of the area where she was walking."[1] "Plaintiff fell, not because there was a defect in the curb she was about to step in, Plaintiff fell because she was not an alert pedestrian and failed to pay attention to where she was walking. Thus, her actions constitute negligence per se."[2]

---

[1] Memorandum (docket No. 17) pp. 4-5.

[2] *Id*. at 5.

In support of its request for dismissal defendant cites cases relating to falls in public sidewalks. However, we find those inapposite to the situation before us inasmuch as the standard of care used to establish municipal and/or state liability in accidents involving sidewalk conditions emanates not from art. 1802 of the Puerto Rico Civil Code but rather from special statutory provisions which set forth the government's responsibility for the upkeep of these public areas. *See e.g.*, <u>Perez v. Municipio de Lares</u>, 155 D.P.R. 697, 707-712 (2001).[3]

Instead, we find that the standard of care applicable to business owners under art. 1802 for similar accidents is the proper one in this case. *See, e.g.*, <u>Figueroa-Garcia v. United States</u>, 364 F.Supp.2d 140, 143 (D.P.R. 2005) (a case arising from damages resulting from a slip and fall of an individual while pushing a grocery cart down the exit ramp at the post exchange at the Muñiz Air Force Base in Carolina while the ramp was wet); <u>Cintron v. United States</u>, 991 F.Supp. 41 (D.P.R. 1998) (involving a fall due to a slippery substance on the floor at the employee Commissary at Fort Buchanan).

---

[3] Based on the foregoing, we decline to follow the reasoning in <u>Quiñones Sepulveda v. United States of America</u>, 329 F.Supp.2d 260 (D.P.R. 2004) wherein the court adopted the standard of care applicable to municipalities based on their duty to maintain sidewalks as the standard of care in a trip and fall accident on a sidewalk in Fort Buchanan.

CIVIL NO. 08-1266 (RLA)                                          **Page 10**

Under Puerto Rico law, a landlord is not an insurer of the safety of business visitors, and his duty extends only to the exercise of reasonable care for their protection. There is no liability for harm resulting from dangerous conditions of which he does not know, and which a reasonable inspection would not have discovered, or from conditions from which no unreasonable risk was to be anticipated. Likewise, in the usual case, there is no obligation to protect the visitor against dangers which are known to him, or which are so apparent that he may reasonably be expected to discover them and be able to protect himself. The visitor is entitled, however, to assume that proper care has been exercised to make the premises safe for him, and he is not required, as in the case of a licensee, to be on the alert for possible defects.

Figueroa-Garcia, 364 F.Supp.2d at 143.

The Puerto Rico Supreme Court has stressed the fact that the owner's liability is contingent on plaintiff establishing the existence of a dangerous condition which proximately caused the injuries alleged and that the defendant had either actual or constructive knowledge of said dangerous condition. Ramos Rosado v. Wal-Mart Stores, Inc., 165 D.P.R. 510, 513 (2005); Colon Gonzalez,

154 D.P.R. at 518; Colon Miranda v. Plaza Las Americas, Inc., 136 D.P.R. 235, 245 (1994).

"Section 5141 requires, as an element, an affirmative showing by the plaintiff that the defendant was negligent. This showing, in turn, requires a demonstration that the defendant has either actual or constructive knowledge of a dangerous condition." Mas v. United States, 984 F.2d 527, 530 (1st Cir. 1993). *See also*, Vazquez-Filippetti, 504 F.3d at 50 ("claims based on allegedly dangerous conditions on commercial property ('premises liability claims') require a showing that the defendant knew or should have foreseen the risks created by the condition [which allegedly caused the accident])"; Cintron, 991 F.Supp. at 43 ("liability only extends if and when the owners have actual or constructive notice of the dangerous condition.")

"When it comes to business establishments, the general rule is that although a business owner is not the absolute insurer of the safety of its patrons, the business owner has a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage. However, liability is not imposed in situations that involve risky conditions inside the business premises that the owner knew or should have known existed. In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of the dangerous condition that most likely than not caused the damage." Torres, 233 F.Supp.2d. at 278.

**CIVIL NO. 08-1266 (RLA)**                                          **Page 12**

Defendant has not rejected ownership and/or control over the accident site. Its defense relies exclusively on plaintiff's failure to notice the cracks on the curbside. However, it appears undisputed that the cracks were painted over with yellow paint and therefore, difficult to detect.

Additionally, defendant points to the fact that plaintiff failed to use the designated handicap sidewalk area at the end of the sidewalk to avoid going up the curb. However, as plaintiff explained, there was no need for her to use the handicap access inasmuch as she was not handicapped at the time. We also find irrelevant the fact that plaintiff may have been wearing flip flop sandals. There is no evidence on record that her shoes had any connection with the accident. Lastly, it is not clear from plaintiff's deposition whether or not the pavement was wet at the time of the accident. Even if it were, there is no evidence on record pointing to this condition as having any causal relationship with the fall.

Reviewing the evidence before us under the Rule 56 strictures, we find that genuine issues of material facts preclude summary judgment at this time.

Based on the evidence presented by plaintiffs, it is reasonable for the trier of fact to conclude that the sidewalk - which was under the control of the defendant - had cracks or fissures which constituted a dangerous condition inasmuch as it is reasonable to anticipate that they could cause pedestrians to lose their balance

**CIVIL NO. 08-1266 (RLA)**                                               **Page 13**

and fall. The fact that the surface had been covered with yellow paint and hence difficult to discern further increased its perilousness. It is also reasonable to infer that defendant was aware of the sidewalk's dangerous condition inasmuch as it had been painted over.[4] Lastly, it is also reasonable to conclude that plaintiff's fall was proximately caused by the cracks on the sidewalk.

CONCLUSION

Accordingly, defendant's Motion for Summary Judgment (docket Nos. **15** and **17**) is **DENIED**.[5]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of March, 2009.

S/Raymond L. Acosta<br>RAYMOND L. ACOSTA<br>United States District Judge

---

[4] It is important to bear in mind that plaintiff's contributory negligence does not relieve defendant from responsibility for its negligence. Rather, in our comparative negligence jurisdiction it will merely reduce the percentage of liability and the concomitant damages proven in these proceedings.

[5] See Opposition (docket No. **21**).